**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JUSTIN SHEA,
Plaintiff,
v.
AMENTUM SERVICES, INC., and DOES 1 through 50, inclusive,
Defendants.

Case No.: 3:26-cv-05979-H-DDL

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS MOOT**

[Doc. No. 2.]

On September 17, 2026, Plaintiff Justin Shea ("Plaintiff") filed a complaint in the Superior Court of California, County of San Diego against Defendant Amentum Services, Inc. and Does 1 through 50, alleging claims for (1) wrongful termination in violation of public policy, (2) disability discrimination, (3) retaliation in violation of Labor Code § 98.6, (4) failure to prevent discrimination, harassment, and retaliation, (5) failure to pay minimum wages, (6) failure to pay overtime compensation, (7) violation of Meal Period Law, (8) violation of Rest Period Law, (9) failure to timely pay wages upon separation, (10) failure to provide accurate itemized wage statements, and (11) unfair competition. (Doc. No. 1-7.) On October 20, 2026, Defendant Amentum Services, Inc. ("Defendant") removed the matter to federal court. (Doc. No. 1.)

On October 27, 2026, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 2.) On November 11, 2026, the parties filed a joint stipulation to dismiss Plaintiff's fifth through eleventh causes of action in their entirety, with prejudice, as against Defendant

Amentum Services, Inc. (Doc. No. 3.) On November 13, 2026, the Court dismissed those claims pursuant to the parties' joint stipulation. (Doc. No. 4.)

On November 17, 2026, Plaintiff filed a first amended complaint. (Doc. No. 5, FAC.) See Fed. R. Civ. P. 15(a)(1)(B); Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) ("Fed. R. Civ. P. 15(a) gives a plaintiff one opportunity to amend as of right."). In light of Plaintiff's amended pleading, the Court denies as moot Defendant's motion to dismiss the complaint without prejudice to Defendant moving to dismiss the first amended complaint. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' . . . Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . ." (citations omitted)).

**IT IS SO ORDERED.**

DATED: November 18, 2026

Marilyn L. Huff

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT